RICHTMAN, Plaintiff and Respondent, AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Intervened Plaintiff and Appellant, vs. HONKAMP and others, Defendants.

*October 15—November 10, 1942.*

*Charles H. Gorman* of Milwaukee, for the appellant.
*Gustave J. Keller* of Appleton, for the respondent.

ROSENBERRY, C. J. This case was here upon the merits and a judgment was affirmed without opinion on January 13, 1942. The record was remitted to the circuit court and this controversy arose subsequent thereto.

In order to disclose the question for decision it is necessary to make a short statement of facts. The plaintiff, Walter Richtman, was seriously injured in an automobile collision, which occurred February 14, 1939. Application was made to the industrial commission for workmen's compensation, prompt notice of the injury having been given to his employer, Clinton Company, and to the American Mutual Liability Insurance Company, the employer's insurance carrier. Thereafter Richtman began a third-party action in the circuit court for Outagamie county against Richard C. Honkamp and the General Accident, Fire & Liability Assurance Corporation, his insurance carrier, to recover damages. Subsequently, Irving A. Grunwaldt and his insurance carrier, North Western Mutual Casualty Company, were interpleaded as defendants. By stipulation of the parties the insurance carrier of the employer, Clinton Company, was made a party plaintiff, and will hereinafter be referred to as the "intervening plaintiff." The case went to trial. The plaintiff recovered a verdict of $8,141. The trial court determined the interest of the plaintiff and intervening plaintiff to be as follows: Plaintiff $6,036.12 and intervening plaintiff $2,104.88. Upon the rendition of the verdict the intervening plaintiff moved for judgment—

"and for an order directing the holding of the amount of said judgment in trust for the repayment to it by said Walter Richtman, plaintiff, of such amount as shall be determined by the industrial commission of Wisconsin said Walter Richtman is entitled to as compensation for permanent partial disability."

The court granted the motion.

Order for judgment was entered on May 6, 1941. Judgment was rendered June 10, 1941, for Walter Richtman against Richard C. Honkamp and his insurance carrier with costs "subject to the rights of the intervening plaintiff, American Mutual Liability Insurance Company." Subsequently the court held hearings on May 1 and May 23, 1941, in which certain allocations of the proceeds of the judgment when collected were provided for. The judgment with costs amounted to $8,376.92. Charles H. Gorman, attorney for the intervening plaintiff, was awarded certain sums to be paid to him upon condition that he pay one half of the disbursements, exclusive of traveling expenses, to the plaintiff's attorney. The provisions made as a result of this hearing were incorporated in the judgment. Judgment was entered accordingly from which the appeal was taken. The attorney for Richtman was dissatisfied with the order and intended to appeal, and when the attorney for the intervening plaintiff tendered plaintiff's attorney a draft for $138.70, being one half of the disbursements, plaintiff's attorney returned the same. Plaintiff's attorney finally decided not to appeal from the order and asked that the draft be returned to him. This Mr. Gorman, the intervening plaintiff's attorney, refused to do. After the affirmance of the judgment in this court, plaintiff's attorney moved that the intervening plaintiff's attorney should be required to pay plaintiff's attorney the sum of $138.70, or that that part of the judgment pertaining to costs and attorney fees awarded the intervening plaintiff should be vacated. After hearing the parties, under date of February 3, 1942, the court entered an order directing the clerk, in whose hands the funds then were, to refrain from making payment of, and to retain in his possession and under his control, the amounts made payable in the judgment to Charles H. Gorman, the intervening plaintiff's attorney, this for the reason that Gorman had failed to keep the tender good.

On February 18, 1942, the court made an order distributing the sum of $650.07, being the amount of the interest accrued during the pendency of the appeal together with the costs in the supreme court. On March 24, 1942, the court made a third order directing the clerk to pay to the plaintiff's attorney $804.82 as part of the reasonable cost of collection. The intervening plaintiff contends that the court was without jurisdiction to make the orders in question because the judgment of the circuit court having been affirmed by the supreme court, the circuit court was without power to modify it. He further says that the orders of February 3d and February 18th, as well as of March 24th, were entered more than sixty days after the end of the term of entry thereof so that the court was without jurisdiction, and cites cases to the effect that the court has no power to review or reverse its own judgment entered at a previous term.

It is considered that the attorney for the intervening plaintiff overlooks the nature of the proceeding of which he complains. The intervening plaintiff moved that the court retain the proceeds of the judgment to be distributed by the court. The court granted the motion and it clearly had jurisdiction to do so. Certainly the intervening plaintiff, upon whose motion it was made, cannot complain. The court has not altered the judgment. The judgment was paid in full and satisfied at the time the orders were entered, and the amount of the judgment was retained in the hands of the clerk in accordance with the intervening plaintiff's motion and the order entered thereon. It is apparent that the court modified the distribution it made because the intervening plaintiff's attorney refused to keep the tender of $138.70 good. He sought to retain that amount and at the same time to have the benefit of the option. Plaintiff's motion was either that the intervening plaintiff pay the $138.70 or that payment to him for the amounts stated in the order and judgment be withheld. This was clearly within the power of the court. The inter-

vening plaintiff does not contend here that if the court had jurisdiction the orders are erroneous. The court did not modify the judgment. It dealt with a situation which arose after the judgment was paid, a matter clearly within its jurisdiction.

*By the Court.*—Each of the orders appealed from is affirmed.